IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


**BERNADETTE WINANS** :
as Administrator of the Estate of :
**CARMELO WINANS, deceased** : **CIVIL ACTION NO. 11-05138-WY**
and on behalf of :
Minor Plaintiffs :
H▮▮▮▮ ▮▮▮▮▮ W▮▮▮▮ and :
J▮▮▮ B▮▮▮▮▮ :
        **Plaintiffs** :
 :
     v. :
 :
**PO RICHARD NICOLETTI,** :
**PO MATTHEW McCARTHY** :
       and :
**CITY OF PHILADELPHIA,** :
        **Defendants** :

# ORDER

    **AND NOW**, this _____ day of _____, 2013, upon consideration of Plaintiff's Motion to Approve Settlement and Distribution, pursuant to E.D.Pa. Local Rule 41.2, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. Plaintiff is authorized to enter into a settlement with Defendants in the amount of One Hundred Eighty Thousand Dollars ($180,000.00) and to execute the General Release with Addendum attached to her motion as Exhibit "I". Defendants shall forward all settlement drafts or checks to Plaintiff's counsel for proper distribution, except that the periodic payments described in this Order shall be purchased by Defendant City of Philadelphia directly.

    **IT IS FURTHER ORDERED** and **DECREED** that the settlement proceeds be distributed as follows:

    To:   *Popper & Yatvin*, as counsel fee. . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 63,000.00

The Wrongful Death Claim in the sum of $ 110,000.00 shall be paid as follows:

1. Payable by Defendant City of Philadelphia to BHG Structured Settlements, Inc. to fund the periodic payments listed in Section 2(a) and Section 2(b) .................................................................. $110,000.00

2. Funded periodic payments made according to the schedule as follows (the "Periodic Payments"):

2(a) Payee: H█████ W█████

Lump sum payments as follows:

$15,000.00 payable at age 19 (12/20/2018).
$25,000.00 payable at age 25 (12/20/2024).
$34,000.00 payable at age 30 (12/20/2029).

All lump sum payments will be paid to either Harold Winans or his estate.

2(b) Payee: J█████ B█████

Lump sum payments as follows:

$20,000.00 payable at age 19 (07/24/2021).
$25,000.00 payable at age 25 (07/24/2027).
$39,000.00 payable at age 30 (07/24/2032).

All lump sum payments will be paid to either Jhanae Beckham or her estate.

To: H█████ W█████, a minor
Cash Settlement in a Restricted Account........................ $ 5,000.00

To: J█████ B█████, a minor
Cash Settlement in a Restricted Account........................ $ 5,000.00

The Survival Action in the sum of $ 7,000.00 shall be paid as follows:

To: Bernadette Winans, Administratrix of the
Estate of Carmelo Winans.................................. $ 7,000.00

Counsel for Plaintiff (and not the parent and/or guardian of the minor) is hereby **AUTHORIZED** and specifically **DIRECTED** to execute all documentation necessary to deposit the funds belonging to the minor in an interest bearing savings account or savings certificate in a federally insured bank or savings institution having an office in Philadelphia County **IN THE NAME OF THE MINOR ONLY**, in the sum of $ 5,000.00, each not to exceed the insured amount, with the funds payable to the minor upon majority. The account/certificate shall be titled in the name

of the minor and shall be restricted as follows:

> **Not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated, or, otherwise alienated before the minor attains majority, except upon prior Order of Court.**

Defendant City of Philadelphia is hereby **AUTHORIZED** and **DIRECTED** to make payments to fund periodic payments substantially as set forth in section 2, above, under substantially the terms and conditions set forth in Exhibits "G" and "H" to the Motion, within Sixty (60) days hereof.

The Survival Claim in the sum of $ 7,000.00, shall be paid to Bernadette Winans, Administrator of the Estate of Carmelo Winans, Deceased; provided, however, that counsel shall not distribute any funds to the said Administrator until additional security as may be required by the Register of Wills of Philadelphia County pursuant to 20 Pa.C.S. §3323(b)(3) is posted.

Counsel for Plaintiff shall file with the Clerk of District Court within Ninety (90) days of final receipt of the funds payable under the settlement, an Affidavit from counsel certifying compliance with this Order. Counsel shall attach to the Affidavit a copy of the certificates of deposit and/or bank accounts containing the required restrictions and copies of confirmation of the funding of the periodic payments.

Defendants Richard Nicoletti and Matthew McCarthy are **DISMISSED** from this action, with prejudice.

BY THE COURT:

_____
William H. Yohn, Jr., U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNADETTE WINANS | : | |
| as Administrator of the Estate of | : | |
| CARMELO WINANS, deceased | : | CIVIL ACTION NO. 11-05138-WY |
| and on behalf of | : | |
| Minor Plaintiffs | : | |
| H██████ ██████ W██████ and | : | |
| J████ B████ | : | |
|        Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| PO RICHARD NICOLETTI, | : | |
| PO MATTHEW McCARTHY | : | |
| and | : | |
| CITY OF PHILADELPHIA, | : | |
|        Defendants | : | |

**PLAINTIFF'S MOTION TO
APPROVE SETTLEMENT AND DISTRIBUTION**

Plaintiff, Bernadette Winans, by and through her attorney, Alan L. Yatvin, moves this Honorable Court to Approve Settlement and Distribution, pursuant to E.D.Pa. Local Rule 41.2, and in support thereof, states the following:

1. Plaintiff is Bernadette Winans, who was appointed Administrator of the Estate of Carmelo Winans, on March 23, 2011, by the Register of Wills of Philadelphia County, Commonwealth of Pennsylvania, No. A1254-2011. Exhibit "A". Ms. Winans is the mother of Carmelo Winans ("Decedent"). Lavonne Beckham, mother of Decedent's minor children, renounced her right to serve as administrator, in favor of Bernadette Winans.

2. Decedent died on March 13, 2013, as the result of being shot by a Philadelphia Police Officer. The facts alleged by Plaintiff, but denied by Defendants, can be summarized as follows:

1

On the afternoon of March 13, 2011, Carmelo Winans, an emotionally troubled young man, sat on the floor in an isolated corner of the kitchen of the house he shared with his father, Carmelo Santiago, and his grandparents, holding a small steak knife to his neck. As he sat on the floor, he kept repeating "god loves me", but was not responding to his father's entreaties. He was not threatening anyone and he was not engaging in any aggressive actions against anyone else. His father, Carmelo Santiago, fearing his son might harm himself, phoned the police to come help his child.

Philadelphia Police Officer Nicoletti and McCarthy, arrived and entered the house in uniform, with guns drawn. Shortly after they arrived on the scene, McCarthy called for an officer with a taser. Officer Jill Kerstetter a Crisis Intervention Trained (CIT) officer, responded to the scene.

Although Winans had put down the knife, and although CIT Officer Kerstetter had arrived, Nicoletti left his position of safety to jump on Winans. Nicoletti's gun went off, and he mistakenly announced that he had been shot, even though it was actually Winans who had been shot. McCarthy then fired two close range shots at Carmelo Winans. Fatally wounded, Carmelo Winans expired seconds after being shot.

3. Defendants deny some or all of the foregoing factual allegations and deny liability.

4. Decedent died intestate.

5. Decedent did not have a spouse.

6. Decedent had two minor children:

   a. H▮▮▮ W▮▮▮, DOB ▮▮▮/99, who reside at ▮▮▮ N. 8th Street, Philadelphia, PA, with his mother, Lavonne Beckham.

   b. J▮▮▮ B▮▮▮, DOB ▮▮▮/02, who resides at ▮▮▮ N. 8th Street, Philadelphia, PA, with her mother, Lavonne Beckham.

7. Other than the foregoing, Plaintiff is aware of no other parties who are intestate heirs with a possible interest.

8. This action was initiated by the filing of a complaint against Defendants Nicoletti, McCarthy and the City of Philadelphia on August 11, 2011. Exhibit "B".

9.  The case has been actively litigated since counsel was first contacted in March of 2011, shortly after decedent's death, and has included:

   a.  Opening of the decedent's estate;

   b.  Assisting and advising the administrator in the management of decedent's estate;

   c.  Thousands of pages of documentary discovery disclosed by the City;

   d.  Nineteen (19) Depositions;

   e.  Travel to Tyson's Corner, Virginia for expert deposition;

   f.  Consulting with and obtaining Plaintiff's experts;

   g.  Voluminous motion for summary judgment;

   h.  Trial preparation.

10. The matter was set for trial on January 6, 2013.

11. As a result of discussions, the parties have agreed to proposed settlement to be paid by Defendant City of Philadelphia in the amount of $180,000.00.

12. Counsel is of the professional opinion that the proposed settlement amount is reasonable under the particular circumstances of this case. Specifically:

   a.  Defendants vigorously dispute and contest the facts.

   b.  There is conflicting eye-witness testimony regarding the circumstances of the shooting of decedent.

   c.  There are conflicting interpretations which may be attached to the physical evidence.

   d.  Although the Court denied summary judgment on this ground, a jury would decide this case under Pennsylvania and federal court decisions which impose an extremely high standard for the claims brought by Plaintiff.

e. Although the this Court denied summary judgment on this ground, the individual officers claim qualified immunity, which immunity if found post-trial or on appeal, would inure to their benefit and to that of the City of Philadelphia, potentially mooting any judgment against any of the Defendants.

f. Even if an individual officer was found liable, he might be found to have engaged in willful misconduct, and thus not entitled to indemnification by the City of Philadelphia, pursuant to the Pennsylvania Political Subdivision Tort Claims Act. As a result, any verdict might prove uncollectible in whole or in part.

g. There are conflicting expert opinions as to the extent to which the force used against decedent was unconstitutionally unreasonable.

h. The amount of damages are, in many respects, highly speculative.

i. Decedent died at the scene, shortly after being shot.

j. Decedent had a limited employment history and lost future residual earnings may have been quite low. See Defendant's expert report, Exhibit "C". This picture is further complicated by Decedent's apparent substance abuse issues.

k. Carmelo Santiago, an adult plaintiff and percipient witness to the events, has resolved his own independent claim for the gross amount of $225,000, payable by Defendant City of Philadelphia. Because **all** costs and expenses are being paid from Mr. Santiago's settlement, and because of liens for his psychological treatment arising from the fatal shooting of his son, Mr. Santiago's net is anticipated to be slightly lower than the proposed net settlement in this federal action.

13. Counsel is of the professional opinion that the proposed distribution among the claims is

reasonable due to the following:

    a. The most significant claim in this federal action is the wrongful death claim on behalf of decedent's minor children. Decedent's tragic death deprives his minor children of their father's support, companionship, services, maintenance and/or assistance he would have provided them during the balance of his life, and particularly during their minority.

    b. The value of the survival claim is less ascertainable. Decedent died at the scene, shortly after being shot, so the degree of conscious pain and suffering, if any, is difficult to ascertain and any damages based thereupon are speculative. Likewise, the value of decedent's residual future earnings (in excess of personal maintenance) is quite modest. Exhibit "C". As noted, decedent had a substance abuse history and controlled substances in his system at the time of his death.

14. For the reasons set forth herein, Plaintiff Bernadette Winans, Administrator of Decedent's Estate, and Lavonne Beckham, mother of Decedent's minor children, are each of the opinion that the proposed settlement and the proposed distribution are reasonable. Exhibits "D" and "E", respectively.

15. Counsel has expended approximately $25,000.00 for reasonable expenses and costs related to the litigation of this matter and the Santiago state court action arising from the same events. The expenses and costs were kept low by conducting discovery applicable to both actions, including depositions, to the extent possible. Because it is difficult to parse the amounts attributable to each action, all costs are being paid from the Santiago settlement.

16. The proposed settlement is $180,000.00.

17. Counsel requests counsel fees in the amount of $ 63,000.00, which amount represents a contingency fee of Thirty-Five Percent (35%) of the settlement amount. This is a voluntary reduction from the Forty Percent (40%) fee terms under which counsel was retained. The Fee Agreements executed by Ms. Winans (Administrator) and Ms. Beckham (parent of decedent's minor children) are attached as Exhibit "F", collectively.

18. The requested Thirty-Five Percent (35%) of the settlement amount contingent fee is appropriate in that:

   a. The fee is within the range of contingent fees charged in the community for police misconduct cases and is substantially below the contingent fee ordinarily charged by undersigned counsel in police misconduct cases (40% of gross);

   b. Plaintiff was financially unable to retain counsel or finance this litigation.

   c. Counsel's assumption of representation in this matter included assuming the risk of advancing all costs and expenses in this case involving complicated issues of liability. Counsel has borne these expenses until the conclusion of the litigation, and would have done so in their entirety, had the litigation proven unsuccessful.

   d. The fact of settlement as to the municipal defendants, as well as the amount of the offer were due, in part, to the identity of Plaintiff's counsel. Counsel are well-known to the lawyers of the Civil Rights Division of the City of Philadelphia's Law Department as experienced litigators in police misconduct cases.

   e. Plaintiff's counsel have obtained three (3) *Monell* verdicts against the City of Philadelphia and have been counsel in numerous police shooting and/or death cases. Including:

> *Cahoe v. City of Philadelphia*, E.D.Pa. 90-cv-7430 (Non-fatal off-duty officer shooting. Believed to be the largest police shooting jury verdict against the City of Philadelphia, *Monell* verdict);
>
> *Estate of Moises DeJesus v. City of Philadelphia*, E.D.Pa. 96-cv-5416 (fatal police beating);
>
> *Estate of Dante Dawson v. City of Philadelphia*, E.D.Pa. 99-cv-2644 (fatal police shooting of an unarmed man sitting in a car);
>
> *Estate of Milo Fornwald v. City of Philadelphia,* Phila. CCP, February Term, 2004, No. 3551 (fatal shooting of a man in car);
>
> *Estate of Bobby Showell v. City of Philadelphia*, Phila. Orphans Ct. 447 DE of 2005 (fatal police shooting of backseat passenger in a car);
>
> *Estate of Julio Morais v. City of Philadelphia*, E.D.Pa. 05-6577 (fatal police shooting of an emotionally disturbed barricaded man);
>
> *Estate of Ok Cha Kwon v. City of Philadelphia*, E.D.Pa. 06-582 (fatal police shooting of an emotionally disturbed woman with limited English comprehension);
>
> *Estate of Abraham v. Raso*, 183 F.3d 279 (3d Cir. 1999) (Fatal shooting by a police officer working a municipal sanctioned off-duty job in uniform, this Circuit's lead case on reasonableness of police use of deadly force (shooting) against persons in a fleeing vehicle);
>
> *Estate of Abebe Isaac v. City of Philadelphia*, Phila. CCP June Term, 2009, No. 3288 (fatal police shooting of an innocent bystander inside a home).

19. Counsel has expended in excess of 300 hours attributable solely or jointly to this federal litigation, over the more than three year course of this litigation, which hours would have been sought as § 1988 fees at their regular, reasonable hourly rate of $525.

20. Counsel has not and will not receive any collateral payments as counsel fees for representation involving this law suit from third parties.

21. Plaintiff proposes the funding of periodic payments for the benefit of the two (2) minor wrongful death beneficiaries, as follows:

a. Payee: H⬛ W⬛

Lump sum payments as follows:

$15,000.00 payable at age 19 (12/20/2018).
$25,000.00 payable at age 25 (12/20/2024).
$34,000.00 payable at age 30 (12/20/2029).

All lump sum payments will be paid to either Harold Winans or his estate.

b. Payee: J⬛ B⬛

Lump sum payments as follows:

$20,000.00 payable at age 19 (07/24/2021).
$25,000.00 payable at age 25 (07/24/2027).
$39,000.00 payable at age 30 (07/24/2032).

All lump sum payments will be paid to either Jhanae Beckham or her estate.

22. Plaintiff requests allocation of the proceeds of the net settlement after counsel fees, in the net amount of $ 117,000.00, to the wrongful death action in the amount of $110,000.00, and to the survival action in the amount of $7,000.00, with distribution as follows:

   a. To: *Popper & Yatvin*, as counsel fee. . . . . . . . . . . . . . . . . . . . . . . . $ 63,000.00

   b. The Wrongful Death Claim in the sum of $ 110,000.00 shall be paid as follows:

      1. Payable by Defendant City of Philadelphia to BHG Structured Settlements, Inc. to fund the periodic payments listed in Section 2(a) and Section 2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . $110,000.00

      2. Funded periodic payments made according to the schedule as follows (the "Periodic Payments"):

         2(a) Payee: H⬛ W⬛

         Lump sum payments as follows:

         $15,000.00 payable at age 19 (12/20/2018).
         $25,000.00 payable at age 25 (12/20/2024).
         $34,000.00 payable at age 30 (12/20/2029).

All lump sum payments will be paid to either Harold Winans or his estate.

  2(b)  Payee: J█████ B███████

Lump sum payments as follows:

$20,000.00 payable at age 19 (07/24/2021).
$25,000.00 payable at age 25 (07/24/2027).
$39,000.00 payable at age 30 (07/24/2032).

All lump sum payments will be paid to either Jhanae Beckham or her estate.

  3.  To:  H████ W████, a minor
    Cash Settlement in a Restricted Account.................. $ 5,000.00

  4.  To:  J█████ B███████, a minor
    Cash Settlement in a Restricted Account.................. $ 5,000.00

 c. The Survival Action in the sum of $ 7,000.00 shall be paid as follows:

  To:  Bernadette Winans, Administratrix of the
    Estate of Carmelo Winans................................. $ 7,000.00

23. The precise value of the periodic payments (see Exhibits "G" and "H") is governed by the available interest rates at the time the purchase is "locked in". If the periodic payments are not purchased by 1/30/14, the amounts of the periodic payments may vary from those set forth in Exhibits "G" and "H". However, if purchase is not made by that date and the periodic payments are more than modestly below those set forth in Exhibits "G" and "H", counsel will return to the Court for further instructions.

24. The Release and Settlement Agreement setting forth the terms of the purchase of the Periodic Payments is attached as Exhibit "I".

25. The Ratings for the periodic payment carrier is set forth in Exhibit "J".

26. The additional terms of the periodic payments are set forth in the Qualified Assignment and

Release Agreements. Exhibit "K" and "L".

27.	The parties request the dismissal of Defendants Richard Nicoletti and Matthew McCarthy, with prejudice, subject to the Court's approval of the proposed settlement and distribution.

28.	Although the settling defendants dispute the factual and legal predicate for the claims in this suit and do not join in the factual allegations contained herein, Amanda Shoffel, Deputy City Solicitor, counsel for the Defendants, does not oppose the relief requested in this petition.

29.	No memorandum is being filed with this uncontested motion, pursuant to E.D.Pa. Local Rule 7.1.(c).

**WHEREFORE**, Plaintiff prays this Honorable Court grant her motion and approve settlement and distribution as follows:

By:	***POPPER & YATVIN***
	_____
	Alan L. Yatvin, Esquire,
	and with him
	Howard D. Popper, Esquire
	230 S. Broad Street, Suite 503
	Philadelphia, PA 19102
	(215)546-5700
	Fax (215)546-5701
	*Popper.yatvin@verizon.net*

December 23, 2013	Attorneys for Plaintiff

10

IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| BERNADETTE WINANS | : | |
| as Administrator of the Estate of | : | |
| CARMELO WINANS, deceased | : | CIVIL ACTION NO. 11-05138-WY |
| and on behalf of | : | |
| Minor Plaintiffs | : | |
| H█████ J█████ W█████ and | : | |
| J█████ B█████ | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| PO RICHARD NICOLETTI, | : | |
| PO MATTHEW McCARTHY | : | |
| and | : | |
| CITY OF PHILADELPHIA, | : | |
| **Defendants** | : | |

**CERTIFICATION PURSUANT TO E.D.PA. LOCAL RULE 7.1(B)**

I hereby certify that the foregoing motion is uncontested.

_____
Alan L. Yatvin

December 23, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERNADETTE WINANS** | : | |
| as Administrator of the Estate of | : | |
| **CARMELO WINANS, deceased** | : | **CIVIL ACTION NO. 11-05138-WY** |
| and on behalf of | : | |
| **Minor Plaintiffs** | : | |
| H███████ ████████W██████ and | : | |
| J██████ B████████ | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **PO RICHARD NICOLETTI,** | : | |
| **PO MATTHEW McCARTHY** | : | |
| and | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, **ALAN L. YATVIN**, do hereby certify that I am this day causing to be served a copy of the foregoing Motion and Exhibits upon the persons and in the manner indicated below. The manner of service satisfies the requirements of the Pa.R.Civ.P.

_____
Alan L. Yatvin

Service by hand delivery, as follows:

Dated: December 23, 2013

TO: Amanda C. Shoffel, DCS
Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443
Amanda.Shoffel@phila.gov