IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNADETTE WINANS** : | **JURY TRIAL DEMANDED** |
| as Administrator of the Estate of : | |
| **CARMELO WINANS**, deceased : | **CIVIL ACTION NO. 11-_____** |
| and on behalf of : | |
| Minor Plaintiffs : | |
| H                 W      and : | |
| J      B : | |
|      E. Huntingdon Street : | |
| Philadelphia, PA, : | |
|          *Plaintiffs* : | |
| : | |
| v. : | |
| : | |
| **PO RICHARD NICOLETTI** : | |
| Badge No. 3798 : | |
| Individually and : | |
| in his official capacity as a : | |
| Philadelphia Police Officer : | |
| 1515 Arch Street : | |
| Philadelphia, PA : | |
| : | |
| **PO MATTHEW McCARTHY** : | |
| Badge No. 2987 : | |
| Individually and : | |
| in his official capacity as a : | |
| Philadelphia Police Officer : | |
| 1515 Arch Street : | |
| Philadelphia, PA : | |
| : | |
| and : | |
| : | |
| **CITY OF PHILADELPHIA** : | |
| 1515 Arch Street : | |
| Philadelphia, PA  19102, : | |
|          *Defendants* : | |

# COMPLAINT

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§1983, 1988, 12132 and 29 U.S.C. §794. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

## PARTIES

2. Plaintiff Bernadette Winans is a resident of the Commonwealth of Pennsylvania, at the address set forth in the caption. She is the natural parent of decedent, Carmelo Harold Winans, (hereinafter "plaintiff's decedent") and was appointed Administrator of the Estate of Carmelo Harold Winans by the Register of Wills of Philadelphia County, Commonwealth of Pennsylvania, No. A1254 of 2011. She brings this action in her capacity as Administrator of the Estate and upon his surviving minor children, H    W    and J    B    , the minor plaintiffs.

3. Prior to his death, Plaintiff's decedent Carmelo Harold Winans was a 29 year-old male, residing in the City of Philadelphia, Commonwealth

of Pennsylvania.

4. Plaintiff's decedent Carmelo Winans was at all times relevant hereto a qualified individual with a disability as defined in 42 U.S.C. §12131(2).

5. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs and controls the Philadelphia Police Department and is the public employer of Defendants Richard Nicoletti and Matthew McCarthy.

6. Defendant City of Philadelphia is a public entity as defined in 42 U.S.C. §12131(1) and receives federal financial assistance under 29 U.S. §794.

7. Defendant Richard Nicoletti was at all relevant times a Philadelphia Police Officer. He is being sued in his individual capacity.

8. Defendant Matthew McCarthy was at all relevant times a Philadelphia Police Officer. He is being sued in his individual capacity.

9. At all relevant times, Defendants were acting under color of state law.

10. At all relevant times, the actions taken by all Defendants deprived Plaintiff's decedent Carmelo Winans of his constitutional and statutory rights.

## FACTUAL ALLEGATIONS

11. On March 13, 2011, plaintiff's decedent Carmelo Winans suffered from a mental illness.

12. On March 13, 2011, plaintiff's decedent Carmelo Winans was inside the home he shared with his father and grandparents.

13. Plaintiff's decedent Carmelo Winans, who was emotionally troubled, was sitting in a corner on the floor of the family kitchen, holding a small steak knife to his own neck.

14. Plaintiff's decedent Carmelo Winans was not threatening anyone and he was not engaging in any aggressive actions.

15. The police were called to come help because it was feared that Carmelo Winans would harm himself.

16. Defedants Nicoletti and McCarthy arrived and entered the house in uniform, with guns drawn.

17. It was readily apparent to Defendants Nicoletti and McCarthy that Carmelo Winans was emotionally compromised, in need of assistance, and that he did not present a threat to them or to others in the house.

18. Defendants Nicoletti and McCarthy stood safely in the entrance to the kitchen and spoke to Carmelo Winans, who put the knife on the floor

as requested.

19. At this point there was no emergency, there was no danger and the situation was de-escalating safely.

20. Instead of waiting for trained back-up, including an officer who arrived minutes later with a taser, Officer Nicoletti dove into the kitchen onto Carmelo Winans in an attempt to grab him and grab the knife from the floor, with his unholstered gun in his hand.

21. Nicoletti intentionally discharged his gun, striking himself in the protective vest.

22. Nicoletti then claimed to have been shot.

23. Officer McCarthy then proceeded to fire multiple shots at the Carmelo Winans, who was defenseless, unresisting, and who was taking no aggressive actions.

24. Carmelo Winans was fatally wounded and died on the floor of his family's kitchen.

25. Defendants Nicoletti and McCarthy exacerbated and escalated the situation.

26. Defendants Nicoletti and McCarthy's use of deadly force against Carmelo Winans was unreasonable.

27. At no time did Plaintiff's decedent Carmelo Winans commit an offense against the laws of the Commonwealth of Pennsylvania, the United States or the County of Philadelphia for which an arrest may be lawfully made or which justified the use of deadly force.

28. At no time did Plaintiff's decedent Carmelo Winans commit illegal acts or engage in conduct which justified the actions of Defendants Nicoletti and McCarthy.

29. On numerous occasions prior to March 13, 2011, Philadelphia police officers failed to use widely recognized and well-established crisis intervention procedures and techniques with regard to individuals exhibiting possible mental illness, and resorted to unreasonable and excessive force.

30. The actions and conduct of Defendants Nicoletti and McCarthy were the direct result of the failure of Defendant City of Philadelphia to:

a) properly train, supervise, monitor and discipline police officers in connection with well-established crisis intervention and commitment procedures related to individuals with mental disabilities;

b) provide programs and services to qualified persons with mental disabilities; and/or

c) ensure that police officers follow established crisis intervention and

commitment procedures under such circumstances as presented by this case.

31. The actions and inactions of Defendants Nicoletti and McCarthy were the proximate cause of the shooting and death of Carmelo Winans.

32. The shooting and death of Carmelo Winans were a foreseeable consequence of the actions and inactions of Defendants Nicoletti and McCarthy.

33. Defendants Nicoletti and McCarthy knew or should have known that their actions and inaction could result in injuries to innocent persons.

34. Defendants Nicoletti and McCarthy failed to take reasonable care for the safety of innocent persons, including Carmelo Winans.

35. The acts of Defendants Nicoletti and McCarthy constituted willful misconduct.

36. The actions and conduct of Defendants Nicoletti and McCarthy were willful, wanton, malicious, intentional, outrageous, deliberate and/or so egregious as to shock the conscience.

37. As a direct and proximate result of the actions and inactions of Defendants, Plaintiff's decedent was caused to lose his life and thereby caused to also suffer complete loss of earnings and earnings capacity.

38. As a direct and proximate cause of the Defendants' actions and inactions Plaintiff's decedent's minor children suffered, continue to suffer, and will suffer in the future loss of support, aid, comfort and familial companionship of their father.

39. Plaintiff's decedent did not bring an action against Defendants for damages for the injuries causing his death, during his lifetime.

40. Plaintiff Bernadette Winans brings this action as Administrator of the Estate of decedent Carmelo Harold Winans, and on behalf of others entitled to recover under the Pennsylvania Wrongful Death Act.

41. Plaintiffs, by reason of Carmelo Winans' injury and death, have suffered pecuniary loss, to their great detriment, and have or will incur expenses for:

    a. The costs of decedent's funeral expenses;

    b. The costs of decedent's headstone; and

    c. The costs of administering decedent's estate.

42. As a result of the death of Carmelo Winans, his children, have been deprived of the care, comfort, aid, society, affection, support, companionship, services, guidance, tutelage, maintenance, and assistance of decedent for the remainder of his life, all to their great detriment and loss.

43. By reason of the death of Plaintiff's decedent Carmelo Winans, his children have suffered pecuniary loss, to their great detriment, including contributions for:

    a. Food;

    b. Clothing;

    c. Shelter;

    d. Medical care;

    e. Education;

    f. Entertainment;

    g. Recreation; and

    h. Gifts.

44. Plaintiff also sues as Administrator of the Estate on behalf of the Estate of Carmelo Harold Winans, under and by virtue of the Pennsylvania Survival Statute, and claims damages suffered by the Estate by reason of the death of the decedent, as well as pain, suffering, inconvenience and pecuniary loss the decedent underwent prior to his death.

45. Under 42 Pa.C.S. § 8302, all the claims Carmelo Winans would have been able to bring, had he survived his injuries, survive for plaintiff to prosecute on behalf of decedent's Estate.

46. Plaintiff, by reason of decedent's injury and death, has suffered pecuniary loss, to her great detriment, and has incurred expenses for:

    a. The costs of decedent's medical bills;

    b. The costs of decedent's funeral expenses;

    c. The costs of decedent's headstone; and

    d. The costs of administering decedent's estate.

47. Under 42 Pa.C.S. § 8302, all the claims Carmelo Winans would have been able to bring, had he survived his injuries, survive for plaintiff to prosecute on behalf of decedent's Estate. Plaintiff also sues as Administrator of the Estate on behalf of the Estate of Carmelo Harold Winans, under and by virtue of the Pennsylvania Survival Statute, and claim damages suffered by the Estate by reason of the death of the decedent, as well as pain, suffering and inconvenience the decedent underwent prior to his death.

48. As a direct and proximate cause of defendants' actions and inactions, plaintiffs' decedent, prior to his death, suffered from gunshot wounds by reason of which he was rendered sick, sore, lame, prostrate, and disordered and was made to undergo great physical pain and horrible mental anguish which resulted in his death, as well as loss of earning power and earning potential, and his total deprivation of the normal activities, pursuits

and pleasures of life, and his loss of life.

49. As a direct result of the actions and conduct of all defendants, plaintiff's decedent suffered physical injuries, pain, emotional distress, psychological harm, fear, horror and death, and additional harms caused by the violation of his rights under the United States Constitution, 42 U.S.C. §§1983, 12132 and 29 U.S.C. §794.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983

50. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

51. As a direct and proximate result of Defendants' conduct, committed under color of state law, all Defendants deprived plaintiff's decedent of his right to be free from the unreasonable use of force, to be secure in his person and property, and to due process and equal protection of the law. As a result, plaintiff's decedent suffered harm, in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

52. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of and to the need for more or different training, supervision, investigation or

discipline in the areas of:

    a.    The proper exercise of police powers, including improper arrests, detentions and the unreasonable use of force;

    b.    Crisis intervention techniques for individuals who exhibit the signs and symptoms of mental disabilities;

    c.    The procedures for the commitment and transportation of persons with mental disabilities for treatment under the Pennsylvania Mental Health and Procedures Act;

    d.    Training and resources for crisis intervention teams of police officers and others to respond to emergencies involving persons with mental disabilities including, but not limited to their commitment for treatment under the Pennsylvania Mental Health and Procedures Act;

    e.    The failure of police officers to follow established policies, procedures, directives and instructions regarding crisis intervention techniques for individuals who exhibit the signs and symptoms of mental disabilities;

    f.    Falsely and/or prematurely publicly vindicating or supporting the actions of officers who violate the rights of citizens,

     including victims of police shootings and persons suffering from mental illness; and

  g. By these actions, defendant City of Philadelphia deprived plaintiff's decedent of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

53. As a direct and proximate result of the actions and conduct of defendants, plaintiff's decedent sustained damages as set forth above.

54. The actions of Defendants Nicoletti and McCarthy were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, exemplary damages are necessary and appropriate.

55. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit from defendants, pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS UNDER
## 42 U.S.C. §12132 and 29 U.S.C. §794

56. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

57. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Defendants discriminated against

plaintiff's decedent by reason of his mental health disability, denying him the benefits of the services, programs and activities to which he was entitled as a person with a mental health disability including but not limited to the right to be free of discriminatory or disparate treatment by virtue of his mental disability, and to due process and equal protection of the law. As a result, plaintiff's decedent suffered harm in violation of his rights under the laws and Constitution of the United States, 42 U.S.C. §12132 and 29 U.S.C. §794.

58. Defendant City of Philadelphia has failed to comply with the mandates of 42 U.S.C. §12132 and 29 U.S.C. §794 in the following areas:

    a. The failure to properly train, supervise and discipline police officers regarding crisis intervention technique for individuals who exhibit the signs and symptoms of mental disabilities;

    b. The failure to provide adequate training and resources for crisis intervention teams of police officers and others to respond to emergencies involving persons with mental health disabilities including, but not limited to the commitment and transportation of persons with mental health disabilities for treatment under the Pennsylvania

        Mental Health and Procedures Act;

    c.    The failure of police officers to follow established policies, procedures, directives and instructions regarding crisis intervention techniques for individuals who exhibit the signs and symptoms of mental health disabilities; and

    d.    The failure of police officers to follow established policies, procedures, directives and instructions regarding the procedures for the commitment and transportation of persons with mental health disabilities for treatment under the Pennsylvania Mental Health and Procedures Act.

59.    By their actions, Defendants have deprived plaintiff's decedent of rights secured by the United States Constitution, 42 U.S.C. §12132 and 29 U.S.C. §794.

### THIRD CAUSE OF ACTION
### ASSAULT & BATTERY

60.    The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

61.    Defendants Nicoletti and McCarthy did place plaintiff's decedent in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

62. The acts of Defendants Nicoletti and McCarthy as set forth above, constituted the torts of assault and battery, all to plaintiffs' great detriment and loss.

63. The actions of Defendants Nicoletti and McCarthy were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, exemplary damages are necessary and appropriate.

## FOURTH CAUSE OF ACTION
## OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

64. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

65. Defendants Nicoletti and McCarthy by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to plaintiff's decedent.

66. The acts of Defendants Nicoletti and McCarthy alleged in the preceding paragraphs, constitute the tort of Outrageous Conduct Causing Severe Emotional Distress, all to plaintiff's great detriment and loss.

67. The actions of Defendants Nicoletti and McCarthy were wanton, wilful, malicious, oppressive, outrageous and unjustifiable and, therefore, exemplary damages are necessary and appropriate.

## JURY DEMAND

68. Plaintiff demands a trial by jury as to each defendant and as to each cause of action.

**WHEREFORE**, plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, exemplary damages as to the individual defendants, and such other and further relief as the Court may deem just and proper.

By: **POPPER & YATVIN**

_____
Howard D. Popper,
   and with him
Alan L. Yatvin,
230 South Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700

August 11, 2011          Attorneys for Plaintiffs