

CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

### GENERAL RELEASE

Bernadette Winans
Alan L. Yatvin, Esquire
*Popper & Yatvin*
230 S. Broad Street, Suite 503
Philadelphia, PA  19102

In Reply Please Refer To:
File No. 57224C and 57224B

Payable within 45 days of Receipt
of Properly Executed Release

**Winans v. Nicoletti, et al.**
**USDC No. 11-05138-WY**

  **The lower portion of this form is a release.  Please read it carefully before signing.**

  For and in consideration of the sum of **One Hundred Eighty Thousand Dollars ($180,000.00)**, I, **BERNADETTE WINANS, as Administrator of the Estate of CARMELO WINANS, deceased and on behalf of Minor Plaintiffs H**, **W** and **J B**, the plaintiff in the above-styled civil action, do hereby remise, release, and forever discharge **Police Officer Richard Nicoletti (Badge #3798), Police Officer Matthew McCarthy (Badge # 2987),** in their individual capacities, and **the City of Philadelphia**, its agents, servants, workers or employees, and any and all other persons, associations or organizations, whether known or unknown, foreseen or unforeseen, of all actual and/or potential liability accrued and hereafter to accrue on account of and from all, and all manner of, actions and causes of action, claims and demands whatsoever, either in law or equity, especially a claim for injuries and/or damages arising from the death of Carmelo Winans on or about March 13, 2011, in Philadelphia, Pennsylvania, which against the said Police Officers Nicoletti and McCarthy, and City of Philadelphia, its agents, servants, workers or employees I, **BERNADETTE WINANS,** ever had, now have, or which my heirs, executors, administrators or assigns, or any of them, hereafter can, shall or may have, for, or by reason of any cause, matter or thing whatsoever arising from the above accident or incident.

By signing this release, the plaintiff affirms that any pending lien arising from benefits paid by the Department of Public Welfare or any other entity on account of any injuries arising from the above arrest has been or will be duly satisfied.

It is further understood that acceptance of this release and payment of the consideration herein named is not to be construed in any court whatsoever, or otherwise, as an admission of liability on the part of the said Police Officers Nicoletti and McCarthy, and City of Philadelphia, its agents, servants, workers or employees for the causing of the said accident or incident above referred to.

The consideration shall be paid in the manner described in the Order of the United States District Court, dated            , and the Addendum to General Release, both of which are attached hereto and incorporated herein as if fully set forth.

I, **BERNADETTE WINANS,** waive any claims for additional damages or interest under Philadelphia Civil Rule 229.1.

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal the      day of             , two thousand and fourteen, and do hereby declare that I voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and/or damages above-mentioned, known or unknown, foreseen or unforeseen, including, but not limited to, attorney's fees and costs.

Sworn to and subscribed before me this

_____ day of _____, 2014.

                                                      _____
                                                      **BERNADETTE WINANS, as Administrator of the Estate of CARMELO WINANS, deceased and on behalf of Minor Plaintiffs H.         W          and J          B.**
                                                      SS#:          0276
                                                      DOB:          /62

_____
NOTARY PUBLIC

## ADDENDUM TO GENERAL RELEASE
## DATED _____

1.0    **Payments**

   In consideration of the attached release, the Defendant agrees to pay to the individual(s) named below ("payee(s)") the sums outlined in this Section 1 below:

   1.1    **Payments due at the time of settlement as follows**:

   $80,000.00 payable for attorney's fees and expenses.

   $100,000.00 payable to BHG Structured Settlements, Inc. to fund the periodic payments listed below.

   1.2    **Periodic payments made according to the schedule as follows (the "Periodic Payments")**:

   (a)  Payee: H       W

   | | |
   |---|---|
   | Guaranteed lump sum payment of $15,000.00 payable | /2018. |
   | Guaranteed lump sum payment of $25,000.00 payable | /2024. |
   | Guaranteed lump sum payment of $34,000.00 payable | /2029. |

   (b)  Payee: J       B

   | | |
   |---|---|
   | Guaranteed lump sum payment of $20,000.00 payable | '2021. |
   | Guaranteed lump sum payment of $25,000.00 payable | '2027. |
   | Guaranteed lump sum payment of $39,000.00 payable | '2032. |

All sums set forth herein constitute damages on account of personal injuries and sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

2.0    **Plaintiffs' Rights to Payments**

   Plaintiffs acknowledge that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Plaintiffs; nor shall the Plaintiffs have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

3.0    **Plaintiffs' Beneficiary**

   Any payments to be made after the death of any Payee pursuant to the terms of the Settlement Agreement shall be made to the Estate of the Plaintiffs or to any such person or entity as shall be designated in writing by Plaintiffs upon reaching the age of majority to the Assignee. If no person or entity is so designated by Plaintiffs, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

4.0     **Consent to Qualified Assignment**

    4.1     Plaintiffs acknowledge and agree that the Defendant may make a "qualified assignment" within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's liability to make the Periodic Payments set forth in Section 1.2 to BHG Structured Settlements, Inc. ("the Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

    4.2     Any such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge the Defendant from the Periodic Payments obligation assigned to the Assignee. The Plaintiffs recognize that, in the event of such an assignment, the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant shall thereupon become final, irrevocable and absolute.

5.0     **Right to Purchase an Annuity**

    The Defendant, itself or through its Assignee, reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Berkshire Hathaway Life Insurance Company of Nebraska ("Berkshire"). The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Berkshire mail payments directly to the Payee. The Plaintiffs shall be responsible for maintaining a current mailing address for Payee with Berkshire.

6.0     **Discharge of Obligation**

    The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check in the amount of such payment to the designated address of the Payee named in Section 1 of the Addendum to the General Release.


Plaintiff - E_____ W_____                                 Plaintiff – J_____ B_____

_____                                      _____
By:  Bernadette Winans on behalf of                              By:  Bernadette Winans on behalf of
       H_____ W_____                                              J_____ B_____

Date:_____                                      Date:_____


Plaintiffs' Attorney                                             Defendant – City of Philadelphia

_____                                      _____
By: Alan Yatvin                                                  By:_____

Date:_____                                     Date:_____